UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REGINA SCOTT ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                **NO. 20-3435**

**ANGELA NEAL ET AL.**                                    **SECTION:"B"(4)**

<u>ORDER AND REASONS</u>

Before the court are defendants Community Care Center of Houma, LLC, d/b/a Heritage Manor of Houma, Angela Neal, and Darla Rogers's motion to dismiss for lack subject matter jurisdiction, prematurity, and failure to state a claim upon which relief can be granted, Rec. Doc. 13, and defendants Dr. Patrick Walker, Houma Health Clinic, Inc., APMC, and Darin Branson's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Rec. Doc. 27.

Local Rule 7.5 requires a party opposing a motion to "file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." Plaintiff has failed to timely respond to the motions, and they are deemed unopposed. The motions have merit as explained further below. Accordingly,

**IT IS ORDERED** that the defendants' motions to dismiss (Rec. Docs. 13, 27) are **GRANTED** without prejudice to plaintiff's right to amend the complaint within fourteen days in an attempt to cure noted deficiencies herein.

1

**IT IS FURTHER ORDERED** that the remaining motions[1] are **DENIED AND/OR DISMISSED AS MOOT,** and the remaining defendants are **DISMISSED** for lack of subject matter jurisdiction subject to directives noted above and infra.

I. <u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

Plaintiff Regina Scott filed *pro se* and *in forma pauperis* a "petition for tort damages" on behalf of Junius Lee Scott, Jr., seeking "monetary, exemplary; punitive damages, declaratory judgment; and injunctive relief under 28 U.S.C. § 1346(b) and 42 U.S.C. § 1983" and "asserting denial of due process and equal protection … in violation of the Fifth, Eighth and Fourteenth Amendments" after the Department of Health and Human Services denied plaintiff's claim of relief and denied reconsideration. Rec. Doc. 1 at 1, 4-5.

Junius Lee Scott, Jr. was admitted to Heritage Manor Houma Nursing Facility (HMHNF) on May 31, 2018 sometime after being diagnosed with metastatic prostate cancer. Rec. Doc. 1 at 5. He was "presumptively" examined by defendant Dr. Patrick D. Walker in July 2018.[2] *Id.* Shortly after this time, Mr. Scott started

---

[1] Also, before the court, are plaintiff's request for entry of default judgment, Rec. Doc. 20, motion for appointment of counsel, Rec. Doc. 16, and motion for extension of time. Default is unwarranted at this time; and it would fruitless to appoint counsel or extend time as requested, for the reasons expressed infra. Rec. Doc. 28. Defendant Houma Health Clinic, Inc., APMC has a motion for extension of time to plead and/or to file responsive pleadings, Rec. Doc. 25, which was referred to Magistrate Judge Roby. The latter motion and referral are moot.
[2] Plaintiff alleges "the clinic's general examination disclosed Mr. Scott's general appearance being well developed, well nourished, skin having no

suffering from incontinence and developed bed sores. *Id.* at 5-6. Plaintiff and other family members complained to the nursing home staff after Mr. Scott had repeatedly sought help regarding his incontinence to no avail. *Id.* at 6. In the presence of plaintiff and family, nursing home staff cleaned Mr. Scott, disinfected his room and beddings, and returned him to his bed. *Id.* Unfortunately, Mr. Scott died on August 25, 2018.[3] *Id.*

It appears plaintiff filed some type of administrative claim against the Department of Health and Human Services (HHS) on August 13, 2019, but was denied relief, and plaintiff sought reconsideration via certified mail around February 27, 2020[4]. *Id.* Plaintiff never received a response from HHS and filed this lawsuit on December 18, 2020. *Id.*

Plaintiff alleges medical malpractice, violations of the Fifth, Eighth, and Fourteenth Amendments, gross negligence, and deliberate indifference against Heritage Manor Houma Nursing Facility; its director, Angela Neal; its administrator, Darla Rodgers; its nurse practitioner, Darin R. Branson; Houma Health Clinic; Dr. Patrick D. Walker; and their insurance companies[5].

---

suspicious lesions, being warm and dry," but provides no medical records or any other evidence.
[3] It is unclear from the complaint whether Mr. Scott succumbed to his prostate cancer or there was some other cause of death.
[4] The request did not reach the agency via USPS Certified Mail (Tracking # 70150640000492230445) until March 6, 2020.
[5] On the docket as unidentified parties.

3

Plaintiff seeks an array of declaratory and injunctive relief, as well as $82,000,000 in damages.

Defendants Community Care Center of Houma, LLC[6], Angela Neal, and Darla Rodgers filed their motion to dismiss on March 12, 2021. Rec. Doc. 13. Defendants Darin R. Branson, Houma Health Clinic, Inc., and Patrick D. Walker filed their motion to dismiss on April 15, 2021. Rec. Doc. 27. Plaintiff has not responded to the motions to dismiss and has not filed any motion for an extension of time to file a response to these motions.

## II.  **PARTIES' CONTENTIONS**

All defendants contend that this court lacks subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted. Rec. Docs. 13, 27. Plaintiff failed to first submit medical malpractice claims to a medical review panel pursuant to the Louisiana Medical Malpractice Act, LA. STAT. ANN. §1231.8 (2020), and did not receive a final medical review panel opinion—a prerequisite to filing this lawsuit. Rec. Docs. 13-2 at 4; 27-1 at 2. Further, defendants assert plaintiff failed to plead any claim that would give rise to federal question jurisdiction under 28 U.S.C. § 1331. Rec. Docs. 13-2 at 2; 27-1 at 2. Moreover, defendants argue that plaintiff failed to set forth sufficient facts to support a cause of action related to Title VI

---

[6] Doing business as Heritage Manor of Houma

and 42 U.S.C. § 1983, Rec. Doc. 13-2 at 5, or a wrongful death or survival suit under Louisiana state law[7]. Rec. Docs. 13-2 at 7; Rec. Doc. 27-1 at 2.

III. **LAW AND ANALYSIS**

The court's "subject matter jurisdiction" defines its power to hear cases under statutory or constitutional authority. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998). A party may raise an objection that the federal court lacks subject matter jurisdiction at any stage of litigation. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006). But even without a challenge from any party, courts have an independent obligation to determine whether subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). When the court lacks subject matter jurisdiction, the court does not have the authority to hear and determine a particular matter and must dismiss the case. *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. § 1331, providing for "[f]ederal-question" jurisdiction, and § 1332, providing for "[d]iversity of citizenship" jurisdiction[8]. Here, plaintiff asserts this court has jurisdiction under 28 U.S.C. § 1331 and

---

[7] Plaintiff did not explicitly assert a claim for wrongful death or survival suit in her complaint.
[8] Plaintiff did not assert jurisdiction under § 1332, but as each party is a citizen of Louisiana, diversity does not exist.

5

that the court has supplemental jurisdiction of the state law tort claims pursuant to 28 U.S.C. § 1367. Rec. Doc. 1 at 2. Section 1331 provides that this court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In order for the court to exercise federal question jurisdiction, the cause of action must be created by federal law. *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 808 (1986).

Whether a claim "arises under" federal law is determined by reference to the "well-pleaded complaint." *Id.* (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.,* 463 U.S. 1, 9-10 (1983)). The mere citation of federal law is not enough to invoke federal jurisdiction. *Weller v. Dep't Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This standard does not require "detailed factual allegations," accepted as true, but demands more than allegations that the defendant unlawfully harmed the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading that offers "labels and conclusions," a "formulaic recitation of the elements of a cause of action," *id.*, or "naked assertions" without "further factual enhancement" cannot survive a motion to dismiss. *Id.* at 557.

Pleadings filed *pro se* must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, "pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

Liberally construing the complaint in the case at hand, plaintiff argues on behalf of Junius Lee Scott[9], that (1) he was denied due process and equal protection in violation of the Fifth, Eighth, and Fourteenth Amendment, Rec. Doc. 1 at 1; (2) that the defendants committed gross negligence, *id.* at 2, and medical malpractice, *id.* at 11; and (3) that defendants violated Title VI of the Civil Rights Act of 1964. *Id.* at 12.

Plaintiff seeks damages, declaratory judgment, and injunctive relief under 28 U.S.C. § 1346 (b) and 42 U.S.C. § 1983. *Id.* at 1. Section 1346 requires the United States to be a defendant; therefore, it is inapplicable here. Section 1983 enables an individual to a establish a cause of action against state and local officials who deprived her of a constitutional right, but all

---

[9] Plaintiff appears to be a family member of Mr. Scott, possibly his sibling. *See* rec. doc. 1 at 6. "Mr. Scott complained to family members, Regina Scott … his distress calls went un-noticed again, he contacted his sibling."

7

defendants are private parties.[10] To be classified as state actors under color of law when a constitutional claim is asserted against private parties, defendants must be jointly engaged with state officials in the conduct allegedly violating the federal right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931-32 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

Plaintiff does nothing more than assert defendants were acting under color of law, and any facts that can be construed to support this assertion fall short of being a state action. First, plaintiff asserts that Mr. Scott was covered under Medicaid while residing at Heritage Manor, Rec. Doc. 1 at 5, but a nursing home receiving government funding does not make the acts of physicians and nursing home administrators acts of the State. *See Blum v. Yaretsky*, 457 U.S. 991, 1005 (1982). Plaintiff also outlines "rights" under "Denial of Due Process" pursuant to the Department of Health and Hospitals Louisiana Blue Book, Rec. Doc. 1 at 7, but these rights speak more to state regulations and not rights protected under the Constitution. Actions of a private entity subject to state regulations do not amount to state actions. *See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974). Nothing

---

[10] Section 1983 provides:
  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

else in the complaint could possibly be liberally construed as asserting a state action. Therefore, § 1983 does not apply in this case and plaintiff's claims of constitutional violations under the Fifth, Eighth, and Fourteenth Amendments must be dismissed.

The only other claim that could invoke federal jurisdiction is that defendants breached their duty of care to Mr. Scott "'presumptively' (DHH) pursuant to Title 6, Civil Rights Act of 1964." Rec. Doc. 1 at 12. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.A. § 2000d. The court cannot assume Mr. Scott's race, color, or national origin by the facts of the complaint, and plaintiff merely cites Title VI. Moreover, she alleges no facts that could be liberally construed to find defendants discriminated against Mr. Scott on the basis of his race, color, or national origin. Thus, any claims against defendants under Title VI of the Civil Rights Act must be dismissed.

For the reasons mentioned above, this court does not have original federal jurisdiction. Further, we decline to exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C.A. § 1367(a). The remaining state law claims for medical malpractice and gross negligence are dismissed without prejudice to

9

plaintiff's rights to pursue those claims in state court. Relative to the state law claims, plaintiff may wish to seek advice from the Southeast Louisiana Legal Services offices, 521 Roussell Street, Houma, LA 70360, (985) 851-5687, and/or the Pro Bono Project, 935 Gravier Street, Suite 1340, New Orleans, LA 70112, (504) 581-4043.

    New Orleans, Louisiana this 10th day of May, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE